## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 03 2019, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew S. Koressel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carl Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 3, 2019

Court of Appeals Case No.
18A-CR-2276

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1703-F5-1550

**Crone, Judge.**

[1]     Carl Moore appeals the four-and-one-half-year sentence imposed by the trial court following his guilty plea to level 5 felony battery. His sole argument is that the trial court abused its discretion by not giving his guilty plea significant mitigating weight. Finding no abuse of discretion, we affirm.

[2]     On February 6, 2017, Moore was drinking at a Bartholomew County bar and punched another bar patron in the face. The victim suffered numerous fractures to his face and eye socket, which required the implantation of multiple plates and plastic to repair. The State charged Moore with level 5 felony battery resulting in serious bodily injury. Moore agreed to plead guilty as charged. In exchange, the State agreed to a two-year cap on the executed portion of his sentence, but otherwise Moore's sentencing was left open to the trial court.

[3]     At Moore's sentencing, the trial court found four aggravating factors: Moore's criminal history spanning twenty-eight years; the revocation of Moore's probation in a prior case; Moore's arrest for operating a vehicle while intoxicated during his pretrial release; and that the harm suffered by the victim was significant and greater than the elements necessary to prove the commission of the offense. Tr. Vol. 2 at 41-42; Appellant's App. Vol. 2 at 9. The trial court assigned "slight" mitigating weight to Moore's guilty plea, observing that by pleading guilty he obtained a benefit by receiving a cap on the executed portion of his sentence. Tr. Vol. 2 at 42; Appellant's App. Vol. 2 at 9. The trial court sentenced Moore to four and one-half years, with three years suspended to probation.

[4] On appeal, Moore acknowledges that the trial court gave his guilty plea some mitigating weight, but contends that the trial court abused its discretion by not giving it *significant* mitigating weight. Moore asks us to "reweigh the aggravating and mitigating circumstances independently at the appellate level." Appellant's Br. at 8.

[5] Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91. The relative weight or value assignable to mitigators and aggravators is not subject to review for abuse of discretion. *Id*. at 491.

[6] "[A] defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return." *Anglemyer*, 875 N.E.2d at 221. However, "the significance of a guilty plea as a mitigating factor varies from case to case." *Id*. Also, "a trial court is not required to give the same weight to proffered mitigating factors as does a defendant." *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans denied*. Here, the trial court identified Moore's guilty plea as a mitigating factor and gave it some, albeit slight, mitigating weight. Indiana appellate

courts no longer review the relative weight or value a trial court assigns to mitigators and aggravators. Finding no abuse of discretion, we affirm Moore's sentence.

[7] Affirmed.

Bradford, J., and Tavitas, J., concur.